UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARLENE HARTLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>LONGSHOT ENTERPRISES, INC. d/b/a<br>HOME HELPERS HOME HEALTH, a<br>corporation,<br><br>        Defendant. | Case No. 4:18-cv-00157-BLW<br><br>**MEMORANDUM DECISION &**<br>**ORDER** |

## INTRODUCTION

Federal Rule of Civil Procedure 1 requires parties and their counsel "to secure the just, speedy, and inexpensive determination of every action and proceeding." This case is off to an inauspicious start. Before the Court is Defendant Longshot Enterprise, Inc.'s ("Longshot") Motion to Set Aside Clerk's Entry of Default. Dkt. 11. Plaintiff Darlene Hartley ("Hartley") opposes Longshot's motion. Dkt. 13. For the reasons set forth below, Longshot's motion is **GRANTED**. Furthermore, counsel for both parties are to meet and confer regarding the fees and expenses incurred by Hartley. Longshot and its counsel, Lane Erickson ("Erickson"), are hereby **ORDERED** to pay those fees and expenses as they are apportioned below.

## BACKGROUND

Hartley filed a Charge of Discrimination with the Idaho Human Rights Commission and the United States Equal Opportunity Commission ("EEOC") alleging, as she does in this suit, that Longshot created a hostile work environment and breached a duty of care owed to her. *Complaint* ¶ 27, Dkt. 1. Longshot retained Erickson to represent it before both agencies. *Pl.'s*

*Ex. A*, Dkt. 13-2.  On January 12, 2018, Hartley received her Notice of Right to Sue from the Idaho Human Right Commission.  *Def.'s Br.* at 2-3, Dkt. 12-1.  Hartley received an additional Notice from the EEOC on February 8, 2018.  *Id.*  This action was filed less than two months later.  *Compl.*, Dkt. 1.

Service was accomplished on June 27, 2018.  Dkt. 5.  Teresa Nelson, Longshot's Chief Executive Officer, ("Nelson") forwarded the Complaint to Longshot's insurance company on June 28, 2018.  *Nelson Aff.* ¶ 5, Dkt. 12-2.  From June 28, 2018 through July 25, 2018, Ms. Nelson continued to communicate with Longshot's insurance company and assumed, erroneously, that the insurance company was carefully responding on Longshot's behalf in this action.  *Id.* ¶¶ 6-7.  During this period, Longshot's July 18, 2018 deadline to file an answer passed, and Hartley filed a motion for entry of default on July 23, 2018.  Dkt. 6.  On July 25, 2018, Nelson was informed that the insurance company was denying Longshot's claim and was instructed to secure independent counsel for Longshot.  *Pl.'s Ex. E*, Dkt. 13-6.  That same day, Nelson contacted Erickson (*Def.'s Br.* ¶ 8, Dkt. 12-2), and Erickson entered a Notice of Appearance in this case (*Notice of Appearance*, Dkt. 7).

Erickson, however, did not request leave of the Court to file an answer.  And, he failed to communicate with Hartley's counsel after telling the Court's Clerk that he would.  *Pl.'s Ex. C*, Dkt. 13-4.  As a result, on August 6, 2018, the Clerk of the Court entered default.  *Clerk's Entry of Default*, Dkt. 10.  Nine days later, on August 15, 2018, (which was 21 days after he first appeared) Erickson filed the Motion to Set Aside Clerk's Entry of Default.  Dkt. 11.

Hartley opposes Longshot's motion and argues that Longshot is a legally sophisticated actor who intentionally decided not to answer the Complaint in a timely manner.  *Pl.'s Resp.* at 6-7, Dkt. 13.  In particular, Hartley credibly argues that Longshot's claim of work-product

privilege over Nelson's communications with Longshot's insurance company from July 2, 2018 through July 19, 2018 indicates that a lawyer was working on Longshot's behalf, thereby making Longshot a legally sophisticated party. *Id.* Additionally, Hartley argues that vacating the entry of default is unwarranted here because Longshot has failed to put forth sufficient facts to indicate that it can defend on the merits. *Id.* at 8. Hartley appropriately concedes that she will not suffer prejudice greater than having to try the case on the merits if the order of default is vacated. *Id.* at 8-9.

After Hartley filed her opposition to Longshot's motion, Longshot filed an Answer to the Complaint on September 19, 2018. Dkt. 14. That same day, Longshot filed its Reply to Hartley's opposition. Dkt. 15. In its Reply, Longshot makes three arguments: (1) Hartley misrepresented the legal standard for vacating a default motion under Federal Rule of Civil Procedure 55(c), (2) Longshot "previously provided the Court with facts evidencing it has meritorious defenses to plead in this case," and (3) Longshot's Answer contains sufficient facts and affirmative defenses to indicate that a meritorious defense exists. *See generally* Dkt. 15.

## LEGAL STANDARD

"The court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). To determine whether good cause exists, the Court must analyze three factors:

    (1) whether Longshot engaged in culpable conduct that led to the default;

    (2) whether Longshot has a meritorious defense; and

    (3) whether Hartley would be prejudiced if default is set aside.

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). The factors are disjunctive, so the Court may deny relief if any of the three factors are met. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). But the Court is not required to grant relief when one of the three factors is met. *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1112 (9th Cir. 2011). The party seeking to set aside the entry of default carries the burden of demonstrating that relief is warranted. *See Franchise*, 375 F.3d at 926. "Crucially, … 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle*, 615 F.3d at 1091 (citing *Falk v. Allen*, 739 F.2d 461, 463(9th Cir. 1984)).

## ANALYSIS

**1.      Culpable Conduct**

Hartley characterizes Longshot as a legally sophisticated party whose intent to commit culpable conduct can be inferred from the act of failing to file an answer. *Pl.'s Resp.* at 6-7, Dkt. 13. The Court disagrees with Hartley's characterization. Although Longshot secured counsel to represent it before the Idaho Human Rights Commission and the EEOC, that does not transform Longshot into a legally sophisticated party for purposes of this proceeding. Granted, there is some logic to Hartley's argument that if Longshot is properly claiming attorney work product protection over its communications with its insurance provider between July 2, 2018 and July 19, 2018, *see Pl.'s Ex. E*, Dkt. 13-6; then it must have retained counsel. But the Court finds it is more plausible that Longshot was communicating with counsel for *the insurance carrier* to determine if Hartley's claims were covered by Longshot's insurance policy during that period. In short, the fact that Longshot was previously represented in administrative proceedings and

was corresponding with attorneys at its insurance carrier does not transform it into a legally sophisticated party.

Instead, Longshot is more aptly described as a legally unsophisticated party. To find that a legally unsophisticated party has engaged in culpable conduct, the Court must conclude that "there is no explanation for default other than a 'devious, deliberate, willful, or bad faith failure to respond." *United States v. Assorted Firearms*, 605 Fed. Appx. 603, 605 (9th Cir. 2015) (quoting *TCI Grp.*, 244 F.3d at 698). Carelessness on Longshot's behalf is not sufficient to support a finding of culpable conduct. *TCI Grp.*, 244 F.3d at 697.

Here, there is no evidence that Longshot or its employees acted in bad faith. On the day Longshot learned that its insurance company was declining coverage, Longshot retained Erickson, who quickly filed an appearance. *Def.'s Br.* at 3, Dkt. 12-1; *Notice of Appearance*, Dkt. 7. Furthermore, Nelson, who is not an attorney, apparently assumed that her insurance company was monitoring the case after she forwarded the Complaint to the insurance company. *Def.'s Br.* at 3, Dkt. 12-1. Though this ultimately turned out to be untrue, the assumption is hardly unreasonable, let alone an indication of bad faith.

**2.      Prejudice to Plaintiff and Meritorious Defense**

Hartley appropriately acknowledges that she faces no prejudice other than having to try the case on the merits if the order of default is vacated. *Pl.'s Resp.* at 8-9, Dkt. 13. As such, this factor weighs in favor of Longshot's motion.

Because two of the three factors weigh in favor of Longshot's motion, the Court will not evaluate the merits of Longshot's possible defenses.

3. **Attorneys' Fees**

The Court finds that the medicine of default is too strong in this case. The same cannot be said of an order requiring Longshot to pay Hartley's expenses and attorney's fees associated with moving for default and opposing the motion to set aside the Clerk's entry of default. "The Ninth Circuit has observed that '[b]y conditioning the setting aside of a default' on the payment of attorneys' fees, 'any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified.'" *Rafferty v. Keypoint Government Solutions, Inc.*, 4:16-cv-00210-BLW, 2016 WL 7340281, at *4 (D. Idaho Dec. 19, 2016) (quoting *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1998)).

Counsel for both Parties are to meet and confer regarding the fees and expenses incurred with the preparation and filing of docket entries six (6) and thirteen (13). If the Parties cannot reach agreement on reasonable fees and expenses for docket entries six (6) and thirteen (13), the Parties are to advise the Court's Clerk and file simultaneous three-page briefs on the appropriate amount fees and expenses to be paid by Longshot.

**ORDER**

**IT IS ORDERED:**

1. Defendant's Motion to Set Aside Clerk's Entry of Default (Dkt. 11) is **GRANTED**.

2. Counsel for Plaintiff and Defendant are to meet and confer regarding the fees and expenses incurred while preparing docket entries six (6) and thirteen (13). Longshot is hereby **ORDERED** to pay the reasonable fees and expenses associated with the preparation of those filings.



DATED: October 1, 2018

_____
B. Lynn Winmill
Chief Judge
United States District Court